**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DARIAN CHANEY** | : | **DOCKET NO. 2:24-cv-00052** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JOHN S. CRAFT ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

# ORDER

Before the court are a multitude of discovery motions [docs. 81, 86, 104, 107, 114, 120] and a Motion for Sanctions [doc. 122] filed by *pro se* plaintiff Darian Chaney. Discovery motions filed in this court are required to follow Local Rules 37.1[1] and 26.6[2] as well as Federal Rule of Civil Procedure 37(a)(1).[3] In one or more respects, each of Plaintiff's discovery motions fails to comply with one or more of these rules.

Although Plaintiff is proceeding *pro se* and is "held to a less stringent pleading standard than documents drafted by attorneys and [is] entitled to a liberal construction, allowing all reasonable inferences that can be drawn from [his] pleadings[,]" *Morgan v. Fed. Exp. Corp.*, 114 F.Supp.3d 434, 436 (S.D. Tex. 2015), he nevertheless must "still comply with the rules of procedure," *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265 (5th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir. 1995)). Accordingly, **IT IS ORDERED** that each of Plaintiff's discovery motions [docs. 81, 86, 104, 107, 114, 120] is **DENIED WITHOUT PREJUDICE**.

Also before the court are defendants Sheriff John Craft, Dustin Fulks, and Heather Patterson's Motion for Protective Order [doc. 115] and Motion for Extension of Time to Respond to All Outstanding and Future Written Discovery [doc. 116]. Because the denial of Plaintiff's

pending discovery motions and the instructions to Plaintiff hereafter set forth regarding the cessation of further requests for discovery and filing of discovery motions implement safeguards that the court finds appropriate to address the recent repetitive discovery requests and filings that the Defendants' motions are seeking to curtail, **IT IS FURTHER ORDERED** that these motions [docs. 115 & 116] are also **DENIED WIHTOUT PREJUDICE**. Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff may re-urge the subject matter of his various motions herein denied by filing a single motion (a "Comprehensive Discovery Motion") that addresses all Plaintiff's outstanding discovery to Defendants as of the date of this Order. This Comprehensive Discovery Motion must comply in all respects with all the aforementioned rules, including, without limitation, containing an appropriate certificate of conference (*see* endnotes 1 and 3) and attaching copies of all outstanding requests and responses (*see* endnote 2). Plaintiff shall file the Comprehensive Discovery Motion within forty-five (45) days after the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall not serve any additional written discovery, file any additional motions to compel discovery, or seek discovery sanctions until the Comprehensive Discovery Motion has been resolved.

**IT IS FURTHER ORDERED** that due to the denial of Plaintiff's discovery motions, Plaintiff's Motion for Sanctions [doc. 122] seeking relief for Defendants' failure to provide certain discovery is also **DENIED WIHTOUT PREJUDICE**. Plaintiff may re-urge this motion if necessary after the aforementioned Comprehensive Discovery Motion has been resolved.

**THUS DONE AND SIGNED** in chambers this 10th day of September, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

[1] "A motion relative to discovery will not be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party must arrange the conference. A proposed order must accompany each motion filed under this paragraph. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper." LR 37.1. The Local Rules of this court can be found on this court's website at https://www.lawd.uscourts.gov/local-rules.

[2] "A motion concerning a discovery dispute must include as an exhibit the discovery requests and responses or objections that are at issue." LR. 26.6.

[3] "[A] party may move for an order compelling disclosure or discovery," provided "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37.1(a).