**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DARIAN CHANEY** | : | **DOCKET NO. 2:24-cv-00052** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JOHN S. CRAFT, ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM RULING**

Before the Court is a Motion for Leave to File an Amended Complaint (the "Motion to Amend") filed by *pro se* plaintiff Darian Chaney. Doc. 60, as re-urged in docs. 65, 69, & 113. Defendants oppose the third Motion [doc. 69].

The motion was initially referred to the magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court. The undersigned hereby **RECALLS** the referral and issues this ruling. For the reasons set forth below, the Court will grant the motion(s) in part and deny it in part.

## I.
## BACKGROUND

Plaintiff brought this civil rights suit against defendants Dustin Fulks, Heather Patterson, and John S. Craft in the 30th Judicial District Court, Vernon Parish, Louisiana. Doc. 1, att. 5. All three Defendants were sued in their official capacity, and Fulks and Patterson were also sued in their individual capacity. *Id.* at p. 9. Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 1441. Doc. 1, p. 5. On Defendants' motion, Plaintiff's official capacity claims against Fulks and Patterson and his *Monell* claim against Craft were dismissed with prejudice. Doc. 11. Plaintiff previously sought to amend his state-court petition to add factual claims and remove the dismissed *Monell* claim. Doc. 19. The Court granted in part and denied in

part the previous Motion for Leave to File Second Amended Complaint [doc. 19], allowing Plaintiff to add the requested additional facts but partly denying the motion as it restated dismissed official capacity claims against defendants, Fulks and Patterson. Doc. 33. Plaintiff was then ordered to file an amended version of his previous proposed complaint [doc. 19, att. 2]. Doc. 33. The current motions, albeit almost five months later, followed, seeking to add factual allegations to the complaint and to remove the official capacity claims against defendants Fulks and Patterson. Docs. 60, 65, 69. Through the motions, however, Plaintiff also attempts to reassert his *Monell* claim that this Court previously dismissed with prejudice [doc. 11], that Plaintiff admitted he did not intend to raise [doc. 9, p. 1], and that he already removed from previous proposed complaints in accordance with the Judgment of dismissal [docs. 13, 19].

## II.
## LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Thus, Rule 15(a) expresses "a strong presumption in favor of liberal pleading." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

Leave to amend is not automatic; the "decision to grant or deny a motion to amend is in the sound discretion of the trial court." *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987)). However, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citing *Lone Star Motor Import v. Citroen Cars*, 228 F.2d 69, 75 (5th Cir. 1961)). Substantial reasons to deny leave include: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the

opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

Although Plaintiff took the Court's direction regarding the removal of his official capacity claims against defendants Fulks and Patterson, Plaintiff's proposed amended complaint now reasserts the dismissed *Monell* claim against defendant Craft. Doc. 61, p. 30. In previously dismissing this claim [doc. 10], the Court also noted Plaintiff's response to Defendants' Motion for Judgment on the Pleadings (the "Motion to Dismiss") which stated that "Plaintiff did not intend to raise *Monell* claims, despite the language of the complaint" [doc. 9, p. 1]. Moreover, in that same response, prior counsel for Plaintiff conceded that Defendants' Motion to Dismiss should be granted. Doc. 9, p. 1. Thus, it is improper for Plaintiff to attempt to reassert the dismissed *Monell* claim through an amended complaint. Accordingly, to the extent the motions seek to restate the *Monell* claim against defendant Craft, the motions should be denied as futile.

In relation to the added factual allegations, however, Plaintiff's Motion to Amend should be granted. The motions [docs. 60, 65, 69, 113] were filed before a new trial date or a deadline for amending pleadings had been set.[1] Thus, we see no apparent reason why leave to amend should not be "freely given" insofar as the added factual allegations. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Considering the policy in favor of granting leave to amend, we conclude that Plaintiff should be granted leave to add factual allegations supporting his claims that survived dismissal. Accordingly, Plaintiff's Motions to Amend [docs. 60, 65, 69, 113] should be granted to the extent

[1] The Court notes that in filing the current motions Plaintiff failed to comply with Local Rule 7.6 requiring him to certify "(1) that [he] has presented the proposed amendment or pleading to all parties who have an interest to oppose and (2) whether any party opposes the granting of the motion." Considering the posture of the instant motion—i.e., the Court's instruction to Plaintiff to amend his pleadings and the then-pending Motion to Withdraw Counsel [doc. 26]—the Court appreciates that it may be unclear whether the current motion required compliance with Local Rule 7.6 or was able to be filed ex parte without the need to do so. These circumstances prompt the Court to take this opportunity to remind Plaintiff of his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court going forward, understanding that his *pro se* status does not relieve him of that obligation.

that they add factual allegations that support his surviving claims in accordance with this Court's previous order [docs. 10, 11, 33].

## III. CONCLUSION

For the reasons discussed above, Plaintiff's Motions for Leave to File an Amended Complaint [doc. 60, 65, 69, 113] will be denied in part, insofar as they attempt to state, or restate, the previously dismissed *Monell* claim against defendant John S. Craft, and, granted in part insofar as they seek to add factual allegations to the complaint.

Plaintiff, Darian Chaney will be ordered to file into the record an amended version of the proposed complaint that excludes all claims that have already been dismissed by previous order of this Court [docs. 10, 11, 33].

**THUS DONE AND SIGNED** in chambers on this 15th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**