**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DARIAN CHANEY** | : | **CIVIL ACTION NO. 2:24-cv-00052** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JOHN S. CRAFT ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the Court are three Motions for Subpoenas filed by *pro se* plaintiff Darian Chaney. Docs. 48, 50, 51. Through these motions, Plaintiff asks the Court to issue a myriad of subpoenas duces tecum regarding different documents. Each request will be analyzed in turn.

For the reasons stated below, the Motions [docs. 48, 50, and 51] are **DENIED**.

## I. Motion for Subpoena for Plaintiff's Prior Counsel

In his first Motion for Subpoena [doc. 48], Plaintiff requests a subpoena for documents from his prior counsel, Mary Katherine Beaird, to "obtain prove [sic] to present to the clerk in Lake Charles under Magistrate Judge LeBlanc for proof of ineffective as [sic] counsel as I do not want her to represent myself." Doc. 48, p. 1. Plaintiff, however, has failed to demonstrate how evidence regarding Ms. Beaird's alleged ineffective assistance is relevant and proportional to the claims currently before this Court. As there is no ineffective assistance of counsel claim made before this Court and as there is nevertheless "'no constitutional or statutory right to effective assistance of counsel in a civil case[,]'" *Skinner v. Loyola Univ. L. Clinic*, No. CIV A 05-0712, 2006 WL 2827705, at *2 (E.D. La. Sept. 25, 2006) (quoting *Watson v. Moss,* 619 F.2d 775, 776 (8th Cir. 1980)), the materials sought to be requested by this subpoena are irrelevant to the instant action. Accordingly, Plaintiff's Motion to subpoena Ms. Beaird for documents to support an ineffective assistance of counsel claim [doc. 48] is **DENIED**.

**II. Motion for Subpoena for Video Footage from Vernon Parish Sheriff's Office and Vernon Parish Jail**

In his second Motion for Subpoenas [doc. 50], Plaintiff requests a subpoena for eleven (11) specific video clips from several Vernon Parish Sheriff's Department dashboard cameras and body cameras, as well as from certain cameras within the Vernon Parish Jail. Doc. 50, pp. 1-2. In this same Motion, however, Plaintiff concedes that he has "already subpoenaed this information from the Vernon Parish Sheriff's Office and the Vernon Parish Jail with the subpoenas Clerk, Daniel J. McCoy [provided] [sic]. . ." *Id.* at p. 6. Plaintiff also mentions that he already subpoenaed video footage from the Vernon Parish Sheriff's Office and Jail in one of his prior Motions for Subpoena. Doc. 48, p. 1. Moreover, in a separate letter to the Court, Plaintiff explains that he has already received signed subpoenas for the requested video footage from the Clerk of Court which he then sent to "their respected [sic] parties." Doc. 49, pp. 2-3. Attached to this letter is another letter from Plaintiff to the Clerk of Court thanking him for the issued subpoenas and notifying the Clerk that Plaintiff issued one to Sheriff Sam Craft for body camera and dashboard camera video footage. *Id.* at att. 1, p. 11. Plaintiff also attached one of the signed, blank subpoenas that the Clerk of Court issued to him on December 12, 2025. *Id.* at p. 26. Accordingly, it is clear to the Court that Plaintiff received and issued the subpoenas he is now requesting through the instant Motion [doc. 50]. As Plaintiff already received the relief sought through the instant motion, Plaintiff's second Motion for Subpoenas [doc. 50] is **DENIED AS MOOT**.

**III. Motion for Subpoena for Other Reports and Medical Files**

In his third Motion for Subpoenas [doc. 51], Plaintiff requests subpoenas for copies of the "unusual occurrence report" from December 13, 2023, from Warden Brad Conn, his inmate file from Warden Conn, and his inmate medical file from Medical Deputy and defendant Heather Patterson. Doc. 51, p. 1.

Initially, as to the request for Plaintiff's medical files, it is unclear whether Plaintiff has already received these documents as he advised the Court in a separate letter that he previously issued a subpoena to Heather Patterson for messages exchanged in the medical kiosk used in the Vernon Parish Jail for medical treatment. Doc. 49, att. 1, p. 11.

Nonetheless, while the Court finds that these documents may be relevant to Plaintiff's claims, it is clear that Plaintiff is aware of and has previously succeeded in utilizing the proper procedures for obtaining subpoenas. That procedure being that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service . . ." Fed. R. Civ. P. 45(a)(3). In other words, Plaintiff may request, as he has done in the past, the signed, but otherwise blank, subpoenas from the Clerk of Court, complete them himself, and then have them served. Plaintiff need not, and should not, file a motion or written request into the record of this case for subpoenas. Accordingly, Plaintiff's third Motion for Subpoenas [doc. 51] is **DENIED** as unnecessary.[1]

**THUS DONE AND SIGNED** in chambers this 24th day of September, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

[1] The court notes that the basis for denying this Motion for Subpoena is equally applicable to the other motions addressed herein that ask the Court to order the issuance of subpoenas, as well as to any such motions or requests that Plaintiff may hereafter file into the record. Plaintiff is encouraged to read Federal Rule of Civil Procedure 45.